**SIGNED THIS: July 25, 2005**

                 *Larry Lessen*
                 **LARRY LESSEN**
                 **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re | ) |
| | ) In Bankruptcy |
| BETH E. McINTYRE, | ) |
| | ) Case No. 04-71228 |
|     Debtor. | ) |
| _____ | ) |
| | ) |
| TERRY McINTYRE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) Adversary No. 05-7010 |
| | ) |
| BETH E. McINTYRE, | ) |
| | ) |
|     Defendant. | ) |

## O P I N I O N

    This matter came before the Court for trial on June 2, 2005. At issue is the dischargeability of certain marital debts owed by the Debtor, Beth E. Carr, formerly Beth E. McIntyre.

    Plaintiff and Debtor were married on September 19, 1981, and

-1-

divorced on March 24, 2003. Two children were born of the marriage. One is now an adult. The parties share custody of the minor child, who is eleven years old. Neither spouse pays the other alimony or child support.

In the Marital Settlement Agreement, which was incorporated into the Judgment of Dissolution of Marriage, the marital assets and obligations were divided between the parties. The Debtor agreed to pay certain marital indebtedness, including three credit cards - Discover (the balance at the time of the divorce was approximately $3,400; it is now approximately $6,000), Penney's (the balance at the time of the divorce was approximately $500; it is now approximately $2,000), and Fleet (the balance at the time of the divorce was approximately $3,500; it is now approximately $5,000).

Debtor filed her Chapter 7 voluntary petition in bankruptcy on March 14, 2004, and Plaintiff thereafter filed this adversary proceeding pursuant to 11 U.S.C. §§ 523(a)(5) and 523(a)(15). No evidence was presented at trial to support a finding of nondischargeability under § 523(a)(5); the Plaintiff proceeded exclusively under § 523(a)(15).

11 U.S.C. § 523(a)(15) provides in pertinent part as follows:

> (a) A discharge under section 727. . . of this title does not discharge an individual debtor from any debt –
>
>> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record. . . unless –

-2-

>    (A) the debtor does not have
>    the ability to pay such debt from
>    income or property of the debtor not
>    reasonably necessary to be expended
>    for the maintenance or support of
>    the debtor or a dependent of the
>    debtor. . .; or
>
>    (B) discharging the debt would
>    result in a benefit to the debtor
>    that outweighs the detrimental
>    consequences to the spouse, former
>    spouse, or child of the debtor(.)

To prevail under § 523(a)(15), the debt in question must be other than the type set forth in § 523(a)(5), that was awarded by a court in the course of a divorce proceeding or separation. In re Paneras, 195 B.R. 395, 403 (Bankr. N.D. Ill. 1996) *citing* In re Silvers, 187 B.R. 648, 649 (Bankr. W.D. Mo. 1995).  Once this is established (and it is not disputed in our case), the burden of proving that the debt falls within either of the two exceptions to nondischargeability rests with the debtor. In re Crosswhite, 148 F.3d 879, 884-85 (7th Cir. 1998).  Hence, once the creditor's initial proof that the claim falls under Section 523(a)(15) of the Bankruptcy Code is made, the debt is excepted from discharge and the debtor is responsible for the debt unless the debtor can prove either of the two exceptions, subpart (A), the "ability to pay" test, or (B), the "detriment" test. Id., 148 F.3d *at* 885.

If the debtor can show the inability to pay the debt, the examination stops and the debtor prevails.  The debt will remain dischargeable if paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. In re Hill, 184 B.R. 750, 754 (Bankr. N.D. Ill. 1995).

Because this language mirrors the disposable income test found in 11 U.S.C. § 1325(b)(2), most courts utilize an analysis similar to that used in determining disposable income in Chapter 13 cases. Hill, *supra* at 755; In re Smither, 194 B.R. 102, 108 (Bankr. W.D. Ky. 1996); In re Carroll, 187 B.R. 197, 200 (Bankr. S.D. Ohio 1995); In re Phillips, 187 B.R. 363, 369 (Bankr. M.D. Fla. 1995); In re Hesson, 190 B.R. 229, 237 (Bankr. D. Md. 1995). However, if the debtor can afford to make the payment, either in a lump sum or in installments over time, then the inquiry proceeds to Section 523(a)(15)(B) where the debtor has the burden to show that the benefit to the debtor from not having to pay the debt at issue is greater than the detrimental effects on the creditor - his spouse, former spouse, or child - who then must pay the debt. In re Crosswhite, *supra*, 148 F.3d *at 885.*

In this case, the debtor cannot meet the "inability to pay" test. The debt in question is a modest sum. (Debtor admitted that the balance on at least one of the subject credit cards substantially increased post-dissolution as a result of her continued use of the card.) Debtor's current income is $1,580 per month and her Financial Affidavit indicates that her expenses are $1,791 per month. Debtor testified that, included in her expenses, is the sum of $500 per month which she asserts that she pays to her current husband for room and board. However, Debtor's assertion is not born out by her bankruptcy schedules. Debtor's Schedule J indicates that her monthly expenses total $1,136. Debtor was married to her current husband at the time she filed her petition

-4-

in bankruptcy, yet her Schedule J lists the sum of -0- for rent and $200 per month for food.  This discrepancy was not explained by the Debtor at trial.  With this adjustment, Debtor's monthly budget shows a slight surplus.

Additionally, the Debtor and her current spouse have a combined annual gross income of over $70,000 per year.  This fact is important because this Court follows the line of cases which hold that where a debtor has remarried prior to the trial of a § 523(a)(15) action, his or her spouse's income should be included in the calculation of the debtor's disposable income.  *See* In re Smither, 194 B.R. 102, 108 (Bankr. W.D. Ky. 1996); In re Adams, 200 B.R. 630, 633-34 (N.D. Ill. 1996); In re Hill, 184 B.R. 750, 755 (Bankr. N.D. Ill. 1995).  Any question about the Debtor's ability to pay the subject indebtedness is erased when the Debtor's husband's income is taken into consideration.  Accordingly, having found that the Debtor has failed to prove an inability to pay the subject debt, the inquiry proceeds to the balancing test set forth in § 523(a)(15)(B).

Plaintiff's gross monthly income is approximately $2,200 and his monthly living expenses - which the Court finds to be reasonable - slightly exceed that amount.  At the time of trial, Plaintiff was on medical leave with a broken arm and expected to return in work in two months or so.  Plaintiff has outstanding mortgage indebtedness of $41,300 and other debts totaling approximately $23,000.

Debtor married her current husband in May, 2003.  She filed

her personal Chapter 7 petition in bankruptcy on March 18, 2004. With her bankruptcy filing, Debtor was able to discharge approximately $18,000 in credit card debt. Debtor's current obligations appear to be her monthly living expenses, a modest car payment, and, potentially, the debts which are the subject of this adversary proceeding.

As indicated above, Debtor is gainfully employed, as is her husband, and their annual household income exceeds $70,000.

By simply setting forth the parties' relative financial circumstances, the Court is led to the conclusion that the Debtor is in a better position to pay the subject indebtedness than the Plaintiff. Accordingly, the Court finds that the Debtor has failed to meet the burden of showing that the benefit to her from not having to pay the debt at issue is greater than the detrimental effects on the Plaintiff of discharging the debt. Thus, the debts subject to this adversary proceeding are nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###